AO 106 (Rev. 04/10) Application for a Search Warrant    Case 2:19-sw-00625-CKD   Document 1   Filed 07/17/19   Page 1 of 16

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of California



FILED
JUL 17 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _AMC_
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of<br><br>USPS Express Mail Parcel EE473913557US addressed to "Gemini G 1888 Auburn Oak Way Chico, CA 95928" | )<br>)<br>)  Case No. 2:19-SW 0625- ____ CKD<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the  _____Eastern_____  District of  _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. Section 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. Section 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Jason Bauwens, US Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: 7/16/2019

_____
Judge's signature

City and state:  Sacramento, California          Carolyn K. Delaney, U.S. Magistrate Judge

**Affidavit of Postal Inspector Jason Bauwens**

I, Jason Bauwens, being duly sworn, hereby depose and state:

**Purpose**

1. This Affidavit is made in support of a search warrant for the USPS Express Mail Parcel EE473913557US addressed to "Gemini G 1888 Auburn Oak Way Chico, CA 95928" ("**THE PARCEL**").

2. **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3. Based on the information provided in this affidavit, I believe there is probable cause that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

**Agent Background**

4. I am a Postal Inspector with the United States Postal Inspection Service (USPIS). I am currently assigned to the Sacramento, California office. My responsibilities include investigating criminal violations of federal and state law, including illegal narcotics and narcotics proceeds being sent through the U.S. Mail; money laundering; robbery and burglary of postal employees and facilities; destruction of government property; theft/possession of stolen U.S. Mail; mail and bank fraud; and identity theft crimes.

5. I have been employed as a federal law enforcement agent for over 15 years, during which I have graduated from several federal training academies. In 1998, I graduated from the National Park Service Law Enforcement Academy in Sylva, North Carolina, which was a 10-week police academy. In 2003, I graduated from the National Park Ranger Integrated Police Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, which was a 16-week police academy. Most recently, I graduated from the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, which was a 12-week training program. Throughout my career, I have investigated over 1,000 cases involving criminal violations of federal, state, and tribal laws. I have instructed hundreds of hours of training related to the detection,

1

identification, and investigation of narcotics trafficking. I have testified as a witness in various federal and state court proceedings. I have participated in multiple Title III wire intercepts regarding narcotics trafficking investigations and have worked with numerous confidential sources.

6. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug-trafficking investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training and instruction in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, and drug identification. I have participated in and led numerous investigations targeting individuals and organizations trafficking marijuana, methamphetamine, heroin, cocaine, LSD, steroids, and other controlled substances, along with narcotics proceeds. During the course of these investigations, I have become familiar with the manner in which drug traffickers conduct their illegal operations. I have written numerous search warrants related to drug trafficking investigations, drug proceeds investigations, and drug parcel interdiction.

7. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

8. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

A.  **Parcel Identification**

9. On July 11, 2019, US Postal Inspectors in San Diego, California conducted a review parcels departing the Calexico, California Post Office and identified **THE PARCEL**. During a visual and physical examination of **THE PARCEL**, Postal Inspectors noticed several anomalies that, in their training and experience, are characteristics of parcels containing controlled substances and proceeds of narcotics trafficking.

10. **THE PARCEL** was sent by Express Mail. Express Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.

11. The postage on **THE PARCEL** was paid for in cash. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often conduct transactions in cash as a way to further remain anonymous to law enforcement.

12. **THE PARCEL** was determined to have originated in Calexico, California 92231 and is destined for an address in Chico, California 95928. Based on my training and experience and the training and experience of other law enforcement officers present with whom I consulted, I am aware that southern California (including Calexico, CA) is a source for illegal narcotics shipments. Additionally, I am aware that Northern California (including Chico, CA), is a destination for illegal narcotics originating out of the southern California area.

13. **THE PARCEL** did not have the "Signature Required" box checked on **THE PARCEL**, which allows for **THE PARCEL** to be delivered to the doorstep or to any person located at the recipient address. Based on my training and experience, this tactic is sometimes used by persons receiving narcotics via the US Mail to prevent law enforcement from determining the true intended recipient of **THE PARCEL** and to attempt to remain anonymous to law enforcement.

14. **THE PARCEL** did not have a telephone number listed for the sender or recipient on the mailing label, which prevents the party from being contacted by law enforcement. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often use this tactic as an attempt to remain anonymous to law enforcement.

15. On July 12, 2019, Postal Inspectors in San Diego, Ca notified Postal Inspectors in Sacramento, Ca of **THE PARCEL**. On July 15, 2019, Postal Inspectors in Sacramento, took custody of **THE PARCEL**. Your affiant conducted research on the sender and receiver listed on **THE PARCEL**.

16. A search for the return address on **THE PARCEL**, "Arturo Heredia 228 Espinoza St Calexico CA 92231" was conducted using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to

verify names and addresses. That search confirmed this is a real address; however, the person named "Arturo Heredia" last associated to the address in 2015. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often provide fictitious names, fictitious businesses and/or fictitious addresses as a way to remain anonymous to law enforcement.

17. A search for the intended recipient address on **THE PARCEL**, "Gemini G 1888 Auburn Oak Way Chico, CA 95928" was conducted, again using Thomson Reuters CLEAR. That search confirmed this too is a real address; however, no business or person with the name "Gemini G" could be associated with the address or anywhere else in Chico, Ca. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often provide fictitious names, fictitious businesses and/or fictitious addresses as a way to remain anonymous to law enforcement.

B. **Narcotic Detection Canine Sniff**

18. On July 15, 2019, Task Force Officer ("TFO") Dave Moranz used his narcotic-detection trained canine named "Farley" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the Royal Oaks Post Office located in Sacramento, Ca.

19. Prior to conducting the sniff of **THE PARCEL**, the area where Farley was to conduct the test was proofed by TFO Moranz. K9 Farley did not give a positive alert to the presence of an odor of narcotics in the area. **THE PARCEL** was placed amongst other parcels and equipment. At approximately 07:59 a.m., TFO Moranz and Farley conducted a search of **THE PARCEL** and Farley positively alerted to the presence of a narcotic odor emanating from **THE PARCEL**.

20. Task Force Officer (TFO) David Moranz has been a full-time sworn peace officer in the State of California since 1992 and is employed with the City of Citrus Heights Police Department (CHPD) as a detective. TFO Moranz has worked for CHPD for over 11 years. Currently, TFO Moranz is assigned to the United States Postal Inspection Service, Narcotics and Economic Crime Investigations (NECI) Task Force at the Sacramento Domicile of the San Francisco Division. Task Force duties involve the investigation of the unlawful transportation of contraband, including controlled substances and drugs proceeds, through the United States Mail. During TFO David Moranz' career, TFO Moranz was employed with the City of Ione Police Department from 1994 to 2006 before being hired with CHPD. Between 2000 and 2005, TFO Moranz was assigned as a narcotics detective sergeant with the Amador County Sheriff's Department Narcotics Enforcement Team.

4

21. On September 1, 2018, TFO Moranz was assigned Farley. Farley is a black Labrador Retriever selected from a specialty trainer in Lincoln, California. Farley was born in September 2016. Farley is a single-purpose working canine, trained in the area of narcotics detection under the instruction of Greg Tawney, owner/operator of D-Tac K9 Detection and Tactics, Placerville, California. Greg Tawney is a retired police sergeant with the Elk Grove Police Department and has over 15 years of experience with police canines and is a POST canine Certifier. Farley and TFO Moranz have no less than 120 hours of specialized training from D-Tac K9 Detection and Tactics in the detection of marijuana, cocaine, heroin, and methamphetamine. Farley and TFO Moranz completed POST required training and was POST certified by Sutter County Sheriff's Deputy Middleton on November 21, 2018 as being proficient in the detection of narcotic substances in high, low, and buried locations.

22. Farley's alert consists of physical and emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from. Farley has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers. Farley also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. Farley has also been proofed using circulated and non-circulated U.S. currency. Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Farley is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Farley has been trained to detect.

23. Farley's alerts have cumulatively resulted in the seizure of 20,177 grams of marijuana, 102 grams of cocaine, 40 grams of heroin, 724 grams of methamphetamine, and $1,015,624 in U.S. currency (drug proceeds). Additionally, Farley has conducted vehicle and building searches for the Citrus Heights Police Department resulting in the seizure of 1,457 grams of marijuana and 2,395 grams of methamphetamine.

24. Therefore, it is the opinion of TFO Moranz that based on Farley's alert, **THE PARCEL** contains drugs, paraphernalia or currency that has been recently subjected or stored with one of the narcotics substances Farley is training to detect and is thus contaminated. This odor, in residual form (billionths of gram), is present on everyday circulation but not in the amount Farley has been trained to detect.

5

## C. Additional Investigation

25. I am aware of an ongoing investigation of person(s) mailing and distributing large amounts of methamphetamine through the US Mail using the Calexico Post Office. I am aware that on June 27, 2019, law enforcement in Minnesota executed a search warrant on a USPS Express Mail Parcel (EJ098205006US) that was mailed from the Calexico Post Office. The sender address listed on the parcel was "Arturo H., 228 Espinoza St., Calexico, CA 92231," similar to the address listed on **THE PARCEL**. As a result of a search warrant, over 400 grams of methamphetamine was seized from the parcel. Additionally, I am aware that on July 3, 2019, law enforcement in San Diego, CA executed a search warrant on a USPS Express Mail Parcel (EJ098195105US) that was mailed from the Calexico Post Office. The sender address listed on this parcel was "Arturo Heredia, 228 Espinoza St., Calexico, CA 92231," identical to the sender address listed on **THE PARCEL**. As a result of a search warrant, over 400 grams of methamphetamine was seized from the parcel.

## D. Methods and Means of Using the United States Mail

26. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

    b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location

from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

   c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers use Express Mail and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

   d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

   e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

27. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

28. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

   a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

7

b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

[Continued on the next page.]

## Conclusion

29. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_____
JASON BAUWENS
United States Postal Inspector

Sworn and Subscribed to me on July 16, 2019

_____
Hon. Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

_____
Cameron L. Desmond
Assistant U.S. Attorney

9

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One USPS Express Mail Parcel measuring approximately 9.5" x 12.5" and weighing approximately 1 pounds and 5 ounces with tracking number EE473913557US. **THE PARCEL** is addressed to "Gemini G 1888 Auburn Oak Way Chico, CA 95928" with a return address of "Arturo Heredia 228 Espinoza St Calexico CA 92231." **THE PARCEL** bears a postage strip with meter number R2304M115169-11, mailed on date of "JUL 11, 19" in the amount of $26.20 and mailed from ZIP Code 92231, in the upper right hand corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

## **ATTACHMENT B**

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of )<br>)<br>USPS Express Mail Parcel EE473913557US addressed to )<br>"Gemini G 1888 Auburn Oak Way Chico, CA 95928" )<br>)<br>) | Case No. 2:19-SW 0 6 2 5 - ____ CKD |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ July 30, 2019 _____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 7/16/2019 8:41 am   *[signature]*
                                               *Judge's signature*

City and state:   Sacramento, California        Carolyn K. Delaney, U.S. Magistrate Judge
                                                  *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____                    _____
Signature of Judge                                                  Date

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One USPS Express Mail Parcel measuring approximately 9.5" x 12.5" and weighing approximately 1 pounds and 5 ounces with tracking number EE473913557US. **THE PARCEL** is addressed to "Gemini G 1888 Auburn Oak Way Chico, CA 95928" with a return address of "Arturo Heredia 228 Espinoza St Calexico CA 92231." **THE PARCEL** bears a postage strip with meter number R2304M115169-11, mailed on date of "JUL 11, 19" in the amount of $26.20 and mailed from ZIP Code 92231, in the upper right hand corner of **THE PARCEL**.

**THE PARCEL** is currently in my possession in the Eastern District of California.

# **ATTACHMENT B**

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.